IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES GROOVER,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**IAN M. HEALY,**<br><br>**Respondent.** | **Case No. 3:25-CV-00561-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by James Groover (*a.k.a.* Jessica Styles). (Doc. 1). Groover, who was housed at the Federal Correctional Institution in Marion, Illinois—located within the Southern District of Illinois—filed this petition while incarcerated there.

Groover seeks return of 27 days of good time credit, which were revoked pursuant to a disciplinary action. For the following reasons, the petition is denied.

## BACKGROUND

On March 31, 2024, Groover—a transgender inmate—was called to Lieutenant Moon's office, where she found both the Lieutenant and Officer Curry. (Doc. 1, pp. 6-7). Groover alleges that Officer Curry was "a known 'hater' of transgenders [sic]" and "excitedly" informed Groover that she would be searching Groover's shared cell and "couldn't wait to see what she would 'find.'" (*Id*. p. 7). After an hour-long search, Officer Curry allegedly departed with "two trash bags" of Groover's property. (*Id*.).

The next day, Groover was called to the Lieutenant's office and shown a "stinger" (an improvised heating device) that Officer Curry had allegedly discovered in her locker. (*Id*. at pp. 7, 11). Groover claimed that she had never seen it before. (*Id*.).

Officer Curry thereafter wrote up the incident report (Doc. 27-2, p. 5) and the incident was investigated. (Doc. 27-1, p. 3). Groover was asked for her statement multiple times and alleges that, each time, she requested video footage of her cell from the day of the incident. (*Id*. at p. 7). This was never provided. (*Id*.). The incident was then referred for a hearing and Groover was given a copy of the report, the charges against her, and notice of the hearing and her associated rights. (Doc. 27-1, p. 3, Doc. 27-2, pp. 7, 14-15). She requested a staff representative and witness for the hearing, both of which were provided. (*Id*. at pp. 15, 18-19).

On April 18, 2024, the Discipline Hearing Officer (DHO) heard Groover's case. Her official statement was: "this is retaliation, I had locker buddies".[1] (*Id*. at p. 18). Her witness stated that "no stinger was found." (*Id*. at p. 19).

The DHO ultimately found against Groover and revoked 27 days of good time conduct. (*Id*. at p. 28). In its statement report, the committee explained that it relied on Officer Curry's report and the specific evidence of the stinger itself to make its decision. (*Id*. at p. 26).

On August 14, 2024, Groover appealed the DHO's decision. (Doc. 1, p. 3). Her appeal was denied. (*Id*.). Having exhausted her administrative remedies, she now brings

[1] In other words, her locker was shared.

a habeas petition before this Court alleging violations of her constitutional right to procedural due process. (*Id.* at p. 6). In support of this claim, her petition points to the falsified evidence of the stinger, Officer Curry's allegedly fabricated testimony, which was relied on by the DHO, and the repeated denial of her requests for video footage. (*Id.* at p. 7).[2]

Then respondent, Warden Wadas, filed a response in opposition. (Doc. 27). Wadas argues that Groover does not have a valid claim because all due process requirements were followed, the DHO did in fact have sufficient evidence for the disciplinary action, and the requested video evidence was irrelevant to Groover's case. (*Id.* at pp. 15-16).

## DISCUSSION

Prisoners have "a protected liberty interest in earned good time credits." *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir. 1999); *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). As such, if a prisoner faces the loss of good time credits, the Supreme Court has held that the prisoner must first be afforded procedural due process. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Due process in this context requires that prisoners have:

> (1) advance written notice of the charges against them at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Henderson*, 13 F.3d at 1077 (citing *Wolff v. McDonnell*, 418 U.S. 539, 564, 566 (1974)).

---

[2] Groover's petition indicates concerns of retaliation for her transgender identity. A habeas petition is not the proper forum for such a claim. If Groover wishes to challenge retaliatory behavior by the prison, she must do so through a prison conditions action under 42 U.S.C. § 1983.

Further, the disciplinary board's ultimate findings must be supported by at least "some evidence in the record." *Hill*, 472 U.S. at 454; *see Henderson*, 13 F.3d at 1077. This is not a particularly exacting standard. While conducting this inquiry, a court is "not required . . . [to examine] the entire record, independently assess witness credibility, or weigh the evidence." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). In fact, a court will only overturn the board's decision if "no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

Finally, procedural due process demands that prisoners receive access to "exculpatory evidence" material to their disciplinary proceedings. *Campbell v. Henman*, 931 F.2d 1212, 1214-15 (7th Cir. 1991)(first quote); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002)(second quote). A disciplinary board must consider such exculpatory evidence when making its determination. *Campbell*, 931 F.2d at 1215.

Groover does not allege that the prison failed to provide advance notice of the charges, deprived her of the opportunity to call witnesses or present evidence, or neglected to submit a written statement of the evidence and reasons for the ultimate decision. Rather, the Court understands her petition to challenge the sufficiency of the DHO's evidence and their failure to provide exculpatory material. (Doc. 1, pp. 6-7); *see Szemborski v. Endicott*, 1999 U.S. App. LEXIS 6930, at *5 (7th Cir. 1999) ("Pro se habeas petitions are to be construed liberally."); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) ("We must construe [petitioner's] *pro se* habeas petition liberally.").

The Court considers each alleged due process deficiency below and finds both

claims unsupported by the law and the record.

## I. Insufficient Evidence

Groover challenges the evidence underlying the disciplinary action as false. She claims that she had never seen the "stinger" that Officer Curry reported discovering in her locker—a report which ultimately became the DHO's primary evidence against Groover. (*Id* at p. 7; Doc. 27-2, pp. 26-27). Construing Groover's petition liberally,[3] the Court understands her to be claiming that the stinger was planted or falsified evidence and that the report about its discovery was fictitious; as such, the DHO lacked the "some evidence" necessary to finding Groover guilty. However, the Seventh Circuit has explicitly disapproved of such arguments.

Prisoners have the right to be free from "arbitrary actions of prison officials" such as the planting of false evidence and retaliation. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). But the protections against such actions "are the procedural due process requirements outlined in *Wolff v. McDonnell*."[4] *Hanrahan*, 747 F.2d at 1140. The Seventh Circuit explained its reasoning as follows:

> All of these procedural due process requirements protect prisoners from arbitrary actions extinguishing their privileges. The disciplinary procedures allow a prisoner a chance to defend against improper or

[3] While Groover does not directly state that the stinger was planted, she strongly implies it. *See e.g.*, Doc. 1, p. 7 ("I was shown by D. Huggins a "stinger" that I have not seen before. He told me that A. Curry "found" it im [sic] my locked locker. I replied to him that I found it disturbing that an officer would lie like that."); *id*. at p. 11 (" . . . Lt. Huggins produced an improvised heating device that I had never seen in my life, and saying that A. Curry claimed it had been found in my locked locker. This is a blatant lie."); Doc 27-2, p. 27 ("[Groover] appeared before the DHO . . . [and] stated this is retaliation.").

[4] "We note that a prison disciplinary proceeding is not a criminal prosecution and 'the full panoply of rights due a defendant in such proceedings does not apply.' *Wolff v. McDonnell*, 418 U.S. at 556. The knowing use of false testimony by a government official in a criminal trial is distinguishable from a guard testifying falsely or planting false evidence for use in a disciplinary proceeding." *Hanrahan*, 747 F.2d at 1140-41.

> erroneous charges. The procedural protections were established to insure [sic] fair, impartial decision making on the part of prison officials prior to the imposition of sanctions against a prisoner. The procedures allow an inmate the opportunity to tell [her] own version of the events at issue to the disciplinary committee . . . Once those procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by 'some facts.'

*Id*. at 1140-41 (cleaned up).

In *McPherson v. McBride*, the Seventh Circuit grappled with very similar facts to the ones presented here. 188 F.3d 784, 787 (7th Cir. 1999). McPherson filed a habeas petition seeking return of 90 days of good time credit that had been revoked because of alleged sexual activity. *Id*. at 784. McPherson argued that the disciplinary committee did not have "some evidence" because its decision was based solely on an officer's false report. *Id*. at 785.[5] However, the Seventh Circuit held that once due process procedures were satisfied—as they had been—a federal court's role was limited to asking whether "some evidence" supported the decision, even if other evidence suggested that the officer's claim was fraudulent. *Id*. at 787. Since the committee's statement of evidence was supported by the officer's report, the court concluded that McPherson had no viable constitutional claim. *Id*.

Turning to Groover's case, even if she had evidence that Officer Curry's testimony was false—which she does not—this Court's hands are tied. Groover already had an opportunity during her disciplinary hearings to have this evidentiary issue investigated

[5] This report was contradicted by another eyewitness officer's statement of events. However, McPherson failed to submit this officer's statement as evidence during the initial hearing or on first administrative appeal; thus, the disciplinary committee could not consider it. *McPherson*, 188 F.3d at 785.

and tried. And since Groover has not alleged that the DHO violated her *Wolff* procedural rights, the only inquiry left is whether the committee's decision was supported by "some evidence." The Court finds that it was: the DHO's statement of evidence relied on Officer Curry's report, which the committee ultimately deemed trustworthy.

While the Court is sympathetic that this outcome may seem harsh, the Supreme Court has ultimately adopted a policy of deferring to the judgment of prison administrators. *See Ponte v. Real*, 471 U.S. 491, 499 (1985) ("[W]e should not be too ready to exercise oversight and put aside the judgment of prison administrators, it may be that a constitutional challenge to a disciplinary hearing such as respondent's in this case will rarely, if ever, be successful.") (cleaned up). Accordingly, Groover's claim that the DHO did not have sufficient evidence fails.

**II. Failure to Provide Exculpatory Evidence**

Next, Groover alleges that she repeatedly "requested that the video footage [of her unit] be saved and reviewed . . . but no one documented the requested evidence." (Doc. 1, p. 7). Ultimately, she was never provided with any footage. (*Id*. at p. 3). Once again liberally construing Groover's petition, the Court understands this to be a claim for failure to provide exculpatory evidence.

Prisoners have a right to both access exculpatory evidence and to have it considered by a disciplinary committee. *See Campbell*, 931 F.2d at 1214-15; *Piggie*, 277 F.3d at 925. However, Groover has not demonstrated that the footage would be exculpatory; in fact, the record indicates otherwise. In her appeal application, Groover writes, "I would like the camera reviewed from the time of the incident. It will clearly show A. Curry

ripping my PREA curtain down, then putting up a blanket and tearing up my cell for an hour, then leaving with two garbage bags of my property." (Doc. 27-3, p. 6). In other words, the footage would show the view into Groover's cell being blocked by a blanket. And Groover fails to explain how such footage would "directly undercut[] the reliability of the evidence on which the disciplinary authority relied in support of its conclusion." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) (cleaned up); *see Cook v. Smith*, 2020 U.S. Dist. LEXIS 87754, at *9 (S.D. Ind. May 19, 2020) (finding no due process violation where prisoner "has not argued how the [requested evidence] would have been exculpatory."). Thus, Groover's claim for improper withholding of exculpatory evidence is denied.

## CONCLUSION

For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by James Groover (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly. A copy of the Order and Judgment shall be mailed to:

**James Groover**
**#10156-027**
**Elkton FCI**
**Inmate Mail/Parcels**
**P.O. BOX 10**
**Lisbon, OH 44432**

**IT IS SO ORDERED.**

**DATED: September 16, 2026**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**United States District Judge**